UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CELESTIAL, INC.,                          Case No.:  5:12-cv-375-RS-CJK

       Plaintiff,

v.

DOES 173-377,

       Defendants.

_____/

## DOE 230'S SPECIAL APPEARANCE MOTION TO DISMISS, VACATE, OR SEVER, AND MEMORANDUM OF LAW

       COMES NOW Defendant, Doe 230 (IP Address 98.253.56.229) ("Doe 230" or "Defendant") by and through the undersigned counsel, who hereby files this Special Appearance Motion to Dismiss, Vacate, or Sever, and Memorandum of law, against Plaintiff, CELESTIAL, INC. ("Celestial" or "Plaintiff"), and would show as follows.

### I.      Introduction and Factual Background

1. On November 20, 2012, Plaintiff, Celestial, filed its original Complaint For Copyright Infringement **(Dkt. # 1)** ("Complaint") in the U.S. District Court, Northern District of Florida, Panama City Division, purporting mass joinder of unidentified defendants alleged to have committed direct copyright infringement upon Celestial's claim of copyright ownership of the motion picture, "Cream In My Teen #2" ("Copyrighted Motion Picture") (Compl. ¶ 3), using a file-sharing protocol known as BitTorrent.  (Compl. ¶ 3.)

2. On March 17, 2013, Celestial filed its Motion For Leave To Take Discovery Prior To Rule 26(f) Conference **(Dkt. # 7)** and Memorandum of Points and Authorities in Support of

Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (**Dkt. # 8**) ("Early Discovery Motion").

3.  On March 18, 2013, this Honorable Court entered its Order Granting Plaintiff's Motion For Leave To Take Discovery Prior to The Rule 26(f) Conference ("Early Discovery Order") (**Dkt. # 11**) allowing Celestial to serve subpoenas upon non-party Internet Service Providers ("ISPs") seeking release of the Internet subscribers' privileged "name, address, telephone number, e-mail address, and MAC address" of each of the defendants listed on Exhibit A to Plaintiff's Complaint, including Doe 230.

4.  Defendant received correspondence from Comcast, an ISP, dated April 8, 2013 ("Notice") asserting that pursuant to the copy of a subpoena attached thereto, entitled, "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" (Subpoena") issued by the U.S. District Court for the District of New Jersey, bearing the case number of this present action, Comcast will disclose to Celestial's counsel in Naples, Florida, Defendant's privileged information including name, address, telephone number, e-mail address and MAC address, in compliance with the Early Discovery Order (**Dkt. # 11**) "unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued no later than May 8, 2013" (emphasis in original) (Notice).

5.  Reading Celestial's Complaint in a light most favorable to Celestial, it describes BitTorrent as a file-sharing "protocol [that] makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network." (Compl. ¶ 3.) Celestial's Complaint describes the BitTorrent protocol in detail. (*See generally* Compl. ¶¶ 3-4.)

6.  Celestial pleads that "[o]n information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with each other."  (Compl. ¶ 14.)

7.  Celestial claims that venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a), within the Northern District of Florida, including this Division because "Plaintiff has suffered substantial and irreparable harm within this District and this Division because each Defendant's tortious actions have permanently compromised Plaintiff's efforts and ability to exclusively distribute its motion picture through authorized and legal distribution channels within this District, this Division, and throughout the State of Florida."[1] (Compl. ¶ 5.)

8.  On the contrary, at all times material Defendant resided and continues to reside outside the state of Florida. (*See* Section IV below.)

9.  Celestial pleads that "[p]ursuant to Fed. R. Civ. P. 20(a)(2), each Defendant is properly joined because each of the Defendant: (a) is jointly and severally liable for the infringing activities of the other Defendants . . . ." (Compl. ¶ 6.)

10. Celestial demands "actual or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff" (Compl. p. 6, Wherefore Clause, ¶ 2) "Plaintiff's costs" and "Plaintiff's reasonable attorneys' fees"  (Compl. p. 6, Wherefore Clause, ¶¶ 3-4) "pursuant to 17 U.S.C. § 505" (Compl. ¶ 16).

11. Celestial claims that it "has no adequate remedy at law" and that "[t]he conduct of each Defendant is causing and, unless enjoined and restrained . . . will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in

---

[1]  Defendant specifically denies this allegation as it relates to both personal jurisdiction and venue.

money." (Compl. ¶ 17.)  Celestial also demands, "injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights." (Compl. ¶ 17.)

12. Defendant timely makes this special appearance to bring forth these motions and memorandum of law.  This special appearance is not to be construed as a general appearance by undersigned counsel or by Doe 230, who has not been subject to service of process in this action.

13. Defendant retained the undersigned attorney as a result of Plaintiff's complaint, and is obligated to pay his or her attorney a reasonable fee for services rendered and costs incurred in bringing forth these motions.

14. Title 17 U.S.C. § 505 provides that in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs. Further, The Cable TV Privacy Act of 1984, 47 U.S.C. § 551(f)(2)(C), provides that the court may award, "reasonable attorneys' fees and other litigation costs reasonably incurred" and that, "[t]he remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber" (47 U.S.C. § 551(f)(3).

## ARGUMENT

**II.   Special Appearance Motion to Dismiss Action or Sever Doe 230**

**A.  A Special Appearance does not Waive Defects in Personal Jurisdiction or Venue.**

Without admitting that this Court has personal jurisdiction over this Defendant or that this venue was properly selected, which is in fact are both denied, Doe 230 makes this special

appearance solely to argue that a plain reading within the four-corners of the Complaint reveals that this action should be dismissed or the defendants severed for improper joinder, and for failure to state a cause of action upon which relief can be granted, and, therewith, the Subpoena quashed.  A defendant may enter a special appearance to contest personal jurisdiction without being subject to the personal jurisdiction of the court.  *Burger King Corp. v. MacShara*, 724 F.2d 1505, 1509 (11th Cir. 1984).

### B.  Doe 230 has Standing to move for Dismissal of this Action or Severance.

An individual becomes a party when sufficiently identified in the complaint, whether by an actual or fictitious name.  For example, sections 865.09(9)(a) and (b), Florida Statutes, make a clear distinction between plaintiffs and defendants.  Under § 865.09(9)(a), any Florida business, its members, and those interested in doing such business "may not **maintain** any action, suit, or proceeding in any court of this state until [section 865.09] is complied with."  Section 865.09(9)(a), Florida Statutes (emphasis added).  On the contrary, under § 865.09(9)(b), the failure to register a fictitious name does not prevent the fictitiously named party "from **defending** any action, suit, or proceeding in any court of this state."  Section 865.09(9)(b), Florida Statutes (emphasis added).

Plaintiff's Complaint sufficiently identifies each Doe defendant through his or her IP address.  In reviewing a substantially similar complaint, the U.S. District Court for the Northern District of Illinois noted:

> The court notes that it cannot ignore the inconsistency of the plaintiff's position that the Doe . . . lacks standing to pursue a motion to [quash] because it has not been named or served, but at the same time refer throughout the . . . complaint to the [co-conspirator] who the plaintiff expressly identifies in the . . . complaint as the person with the Internet Protocol address [24.61.144.232]. . . . For all intents and purposes, the plaintiff has filed a complaint naming [Movant] IP Address [24.61.144.232] as a [co-conspirator]. The plaintiff's contention otherwise does not make it so.

*Millennium TGA, Inc. v. Does 1-800*, No. 10-cv-05603, 2011 U.S. Dist. LEXIS 94746 at *3-4 (N.D. Ill. Aug. 24, 2011).

Plaintiff subpoenaed Doe 230's ISP, commanding it to provide notice and opportunity for Doe 230 to be heard in defense of release of his or her private Internet subscriber information under the Subpoena and in protection of defendant's constitutional right to due process of law. U.S. Const. Amend. XIV. This is codified in The Cable TV Privacy Act of 1984, 47 U.S.C. § 551 (2012) which provides a broad opportunity for the subscriber to challenge the release of personally identifiable information. "A cable operator may disclose such information if the disclosure is . . . pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed [and is limited to] a disclosure of the names and addresses of subscribers to any cable service or other service, if – the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and . . . ." 47 U.S.C. § 551(c)(2)(B) and (C)(i). Nothing in The Cable TV Privacy Act limits the scope of the subscriber's standing to, "prohibit or limit such disclosure." *Id.* Accordingly, such notice and opportunity to be heard is not limited solely to the mechanics of a motion for a protective order under F.R.C.P. 45(c)(3)(a)(iv) as the Plaintiff wrongfully contends.

Although this Court does not have jurisdiction to quash the Subpoena issued from the District Court for the District of New Jersey, this Court can and should vacate the Early Discovery Order that the Subpoena was issued under. Rules 45(c)(3)(A) and (B), Fed. R. Civ. P. A nonparty cannot be bound by a case in which he or she is not a party unless the party is represented in the action and the representation is full and adequate. *Hansberry v. Lee*, 311 U.S. 32 (1940); *Feen v. Ray,* 109 Ill. 2d 339, 348, 487 N.E.2d 619, 622 (Ill. 1985). "[T]here has been a failure of due process only in those cases where it cannot be said that the procedure adopted [in

the representative action] fairly insures the protection of the interests of absent parties who are to be bound by it." *Juris v. Inamed Corp.,* No. 2:97-cv-11441, slip op. at 30 (11th Cir. July 6, 2012).   As such, Doe 230 is a de facto named party defendant.

### III.    Motion to Dismiss due to Failure to Sufficiently Plead Personal Jurisdiction

Complaint overstates the impact Internet usage has on Florida's long-arm statute.   Each reference to personal jurisdiction in Plaintiff's Complaint is predicated on the illusion that use of the Internet from unknown locations confers personal jurisdiction "throughout the State of Florida." (Compl. ¶5.)   More specifically, Plaintiff's Complaint alleges that "upon information and belief personal jurisdiction in this District and Division is proper because a substantial part of the tortious acts of infringement complained of herein occurred within the State of Florida, and within the Northern District of Florida, including this Division and each Defendant:  (a) may be found within the State of Florida; and/or (b) knew that its tortious activities would cause significant harm to Plaintiff in the State of Florida . . . ."  (Compl. ¶ 5.)

On May 23, 2012, upon reviewing personal jurisdiction as pleaded in a "substantially similar complaint," the Honorable Judge Steele held that the complaint failed to sufficiently invoke this Court's personal jurisdiction over the unidentified Doe movant and wrote:

> The Complaint alleges a single count of copyright infringement, and premises subject matter jurisdiction on federal question jurisdiction pursuant to the copyright laws of the United States.   The Complaint continues that upon 'information and belief', each of the 3,932 defendants may be found in the Middle District of Florida 'and/or a substantial part of the acts of infringement' occurred in this District.   Upon further 'information and belief', plaintiff alleges that personal jurisdiction in this District is proper because each defendant 'distributed and offered to distribute over the Internet copyrighted works' 'in every jurisdiction in the United States including this one' (citations omitted).
>
> The Court finds that these allegations in the Complaint are insufficient to allege personal jurisdiction over any defendant under the Florida long-arm statute and the Due Process Clause.

> . . . The participation in a BitTorrent swarm does not provide the necessary minimum contact with the State of Florida. *See, e.g., Liberty Media Holding, LLC v. Tabora,* No. 11-cv-651-IEG (JMA), 2012 WL 28788 (S.D. Cal. Jan. 4, 2012).

*Nu Image, Inc. v. Does 1-3,932,* No. 2:11-cv-545- JES-SPC, Order and Opinion, at *5-6 (M.D. Fla. May 23, 2012) [Dkt. #244].

As in *Nu Image, Inc. v. Does 1-3,932,* Plaintiff attempts to establish personal jurisdiction over Doe 230 by speculating that his or her use of the Internet may have occurred somewhere in the State of Florida.  This Court should not allow such a broad interpretation.  Many courts have held that the use of the Internet does not automatically confer jurisdiction in its locale.  In *GTE New Media Services, Inc. v. BellSouth, Corp.*, the court stated that:

> Indeed, under this view, personal jurisdiction in internet-related cases would almost always be found in any forum in the country.  We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction . . . .  In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence.  Our sister courts have not accepted such approach, and neither shall we.

*GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000).  *See also ALS Scan, Inc. v. Digital Services Consultants, Inc.,* 239 F.3d 707 (4th Cir. 2002); *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 133 (D.D.C. 2009).  In *Hard Drive Prods., Inc. v. Does 1-90,* the court noted that "[e]ven if plaintiff could show that each of the Doe defendants transferred a piece of the file to a California resident, this single, miniscule action would not constitute 'minimum contacts' with the state of California" and "[i]n the absence of a showing that minimum contacts exist for each Doe defendant, the court cannot exercise personal jurisdiction over the defendants."  *Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653, at *5 (N.D. Cal. Mar. 30, 2012) (severing Does 2-90 and denying discovery). Accordingly, the

Court should find that Plaintiff failed to sufficiently plead personal jurisdiction, such that Plaintiff's Complaint must be dismissed.

**IV.     If the Court were to find that Plaintiff Sufficiently Pleaded Personal Jurisdiction, Defendant Moves in the Alternative to Dismiss Doe 230 for lack of Personal Jurisdiction over this out-of-State Resident**

Should the Court find that Plaintiff sufficiently pleaded personal jurisdiction, Doe 230 should be dismissed for lack of personal jurisdiction over Doe 230, **who at all times material has resided and continues to reside in Illinois**. *See* Declaration of Non-Residency of Doe 230 In Support of Doe 230's Motions to Dismiss/Vacate/Sever ("Declaration") attached hereto as **Exhibit "A."**) In *United Techs. Corp. v. Mazer*, the court stated that, "[a] federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute [section 48.193, Florida Statutes] and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Id.*

To obtain personal jurisdiction over an out-of-state defendant, Celestial must show that the alleged conduct falls within the long-arm statute. Celestial's Complaint generally pleads that Defendant's alleged conduct caused only economic injury to Celestial. (*See generally* Compl.) Thus, the Court must look to section 48.193(f), Florida Statutes, which provides that a person is subjected to the jurisdiction of the courts of the state for any cause of action arising from the act of:

> Causing injury to persons or property within this state arising out of an act or omission by the defendants outside this state, if, at or about the time of the injury, either: (1) The defendant was engaged in solicitation or service activities within this state; or (2) Products, materials, or things processed,

serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

The Eleventh Circuit has held that under section 48.193(1)(f), Florida Statutes, the injury cannot be a mere economic injury. *Sun Bank, N.S. v. E.F. Hutton & Co., Inc.,* 926 F. 2d 1030, 1033 (11th Cir. 1991) (finding purely economic injury insufficient to confer jurisdiction over a defendant under section 48.193(1)(f), Florida Statutes, citing *Aetna Life & Casualty Co. v. Therm-O-Disc, Inc.*, 511 So. 2d 992 (Fla. 1987); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 629 (11th Cir. 1996) (stating "mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f).")  In this case, economic injury is the only injury alleged by the Plaintiff. Thus, Celestial fails to establish personal jurisdiction under section 48.193(1)(f), Florida Statutes.

In *Fraser v. Smith*, the court noted that "[t]he reach of [section 48.193(2), Florida Statutes] extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citing *Woods v. Nova Cos. Belize*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999).  Further, Defendant must have "continuous and systematic" contacts with the state of Florida. *Id.*

In the present action, Plaintiff attempts to establish personal jurisdiction by pleading that use of the Internet confers same on Doe 230.  Plaintiff overreaches in its attempt to establish personal jurisdiction over a non-Florida resident by alleging an infringement took place on the Internet that harms Plaintiff's efforts to distribute the motion picture through authorized channels in Florida.  (Compl. ¶ 5.)  Defendant is not a resident of the State of Florida.  (Decl. ¶ 17.) Defendant does not operate, conduct, engage in, solicit, or carry on any business or business venture in Florida, nor does Defendant have an office or agency in Florida.  (Decl. ¶¶ 7, 12.)

Defendant does not derive any income from Florida.  (Decl. ¶ 13.)  Defendant does not engage in any other persistent course of conduct in Florida.   (Decl. ¶ 15.)  Defendant does not consent to personal jurisdiction in the State of Florida.  (Decl. ¶ 19.)  Further, Plaintiff has failed to allege that Defendant engaged in any activity directed or calculated to harm any residents or businesses in Florida and none exists.  As such, Doe 230 must be dismissed for lack of personal jurisdiction.

## V.  Motion to Vacate Early Discovery Order and Dismiss Action

Although the Eleventh Circuit has not articulated a set test or criteria for deciding whether early discovery is warranted, district courts in this Circuit have elected to apply a good cause standard.  *Dell Inc. v. Belgiumdomains, LLC*, No. Civ. 07-22674, 2007 WL 6862341, at *6 (S.D. Fla. Nov. 21, 2007); *Cf. Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.,* 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7,* 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008).

The plaintiff in *VPR Internationale v. Does 1-1017* sought early discovery to subpoena the identifying information of the subscribers of IP addresses who allegedly infringed upon the plaintiff's copyright of a motion picture.  *See VPR Internationale v. Does 1-1017*, Case No. 11-2068 (C.D. Ill. Apr. 29, 2011).  The court denied the request for early discovery and later denied the plaintiff's motion for interlocutory review because the "court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class action." *Id.* at 3. Similar motions to quash were granted in *Patrick Collins v. Does 1-1219*, 2010 WL 5422569 (N.D. Cal. Dec. 28, 2010), and June 21 Mot. To Quash at § 7(b), *On the Cheap v. Does 1-5011* No. CIO-4472BZ (N.D. Cal. Sept. 6, 2011).  Defendant contends that plaintiff does not invoke the Court's jurisdiction to seek expedited discovery in good faith or to pursue judicial adjudication, but solely seeks a means to obtain the names and addresses that correspond to the

IP addresses its technicians identified to further its business model of soliciting coercive settlements of disputed claims under a single filing fee.

On March 30, 2012, the U.S. District Court for the Northern District of California entered an Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, against the plaintiff, Hard Drive Productions, Inc., and stated:

> [It] will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement" payments from persons who may or may not be infringers. This the court is not willing to do.

*Hard Drive Productions, Inc.*, 5:11-cv-03825-HRL (Doc. 18 therein) Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, Pg. 11: 21-26.

This Court has held before that, "[t]he subpoena at issue in this case only exists because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants." *Nu Image, Inc. v Does 1-3,932*, Case No. 2:11-cv-545-FtM-29SPC, D.E. 244 at *6 (M.D. Fla. May 3, 2012) (subpoena quashed). For each of the foregoing reasons, Defendant, Doe 230, respectfully moves for an order vacating the Court's Early Discovery Order **(Dkt. # 11)**, which in turn would quash or vacate the foreign Subpoena issued thereunder by operation of law and that this action be dismissed.

**VI. Motion to Dismiss or Sever for Insufficient Allegations of Common Conduct Arising out of the same Alleged Transaction, Occurrence, or Series of Transactions or Occurrences to Warrant Joinder as Required Under Rule 20, Fed. R. Civ. P.**

Plaintiff's Complaint fails to sufficiently allege common conduct arising out of the same transaction, occurrence, or series of transactions or occurrences to warrant joinder as required

under Federal Rule 20. Florida's Southern District ordered severance in a substantially similar case. The Honorable Patricia A. Seitz held:

> Plaintiff claims that downloading and sharing pieces of a file, which 'contribut[es] to the chain of data distribution,' justifies permissive joinder (citations omitted). Having carefully examined the Complaint and the relevant legal authorities, the Court disagrees with Plaintiff's contentions. The Doe Defendants' decision to obtain the BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences.  This is because the BitTorrent protocol facilitates the transactions between users, and '[m]uch of the BitTorrent protocol operates invisibly to the user-after downloading a file, subsequent uploading takes place automatically if the user fails to close the program.' (citing *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at * 11.  **As such, the users themselves are not choosing to engage in file sharing with other particular users; rather, the BitTorrent protocol is determining which users to connect to in order to obtain the additional pieces of a file** (emphasis added).  . . .  Therefore, aside from downloading the same Video using BitTorrent protocol, there is nothing that connects all of the Doe Defendants to each other (citations omitted).

*Sunlust Pictures, LLC v. Does 1-120*, No.  2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion, at *7 (S.D. Fla. July 24, 2012) [Dkt. #26]. Thus, this Court would be justified in severing Doe 230 from this action, consistent with recent holdings in this District and in this state.

In *Hard Drive Prods., Inc. v. Does 1-188*, the court analyzed whether joinder of 188 defendants alleged to be members of the same BitTorrent swarm was appropriate.  Finding misjoinder, the court stated:

> Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. . . .  Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm.  The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

In the present case, the alleged torrent protocol activity complained of occurred over a period of over two months (09/07/12 to 11/14/12).  Compl. Ex. "A" **(Dkt. # 1-1).**  This fact alone negates the inference that Doe 230 acted in concert with the other defendants.  In *Digital Sin, Inc. v. John Does 1-245*, the court noted, "[i]n other words, what we have here is 245 separate and discrete transactions in which 245 individuals used the same method to access a file via the Internet—no concerted action whatever, and no series of related occurrences."  *Digital Sin, Inc. v. John Does 1-245*, Case 1:11-cv-8170-CM, Order Severing John Does 2-245, at *3 (S.D.N.Y. May 15, 2012).  BitTorrent file sharing over an extended period, as in the present case, fails to meet the same "transaction, occurrence, or series of transactions or occurrences" requirement under Rule 20. *See Liberty Media Holdings, LLC v. Does 1-38 et al.*, No. Civ. 1:11-cv-21567-KMM, Opinion and Order, at *4 (S.D. Fla. Nov. 1, 2011).

The trend of recent decisions across the nation concludes that joinder in cases such as this is improper and thus the Doe defendants must be severed from this suit.[2]  This Court can and should follow this prevailing trend and find joinder improper under the circumstances.

---

[2] *See, e.g., Aerosoft GMBH v. Does 1-50*, No.: 1:12-21489, Omnibus Order (S.D. Fla. Oct. 23, 2012) (severing defendants due to improper joinder); *Third Degree Films v. Does 1-47*, No.: 1:12-1061 (D. Mass. Oct. 2, 2012) (severing defendants); *Media Products, Inc. v. Does 1-26*, No. 1:12-cv-3719, Opinion & Order (S.D.N.Y. Sept. 4, 2012); *West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.*, No.: 6:12-1713 (WD La. Aug. 17, 2012) (severing defendants and quashing all subpoenas issued to ISPs); *Malibu Media, LLC v. Does 1-14*, 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 1); *Malibu Media, LLC v. Does 1-24*, 2012 WL 3400703, Case No. 12- cv-2070 (D. Colo. August 14, 2012) (same); *Malibu Media, LLC v. Does 1-5*, 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012) (same); *Malibu Media, LLC v. Does 1- 54*, 2012 WL 3030302, Case No. 12-cv-1407 (D. Colo. July 25, 2012) (same); *Sunlust Pictures, LLC v. Does 1-120*, No.  2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion

## VII.  Motion to Sever or Dismiss to Avoid Prejudice to the Parties Arising from Suspect Settlement Tactics

Most of the Doe Defendants are coerced into settling Plaintiff's claims to avoid the perceived public humiliation of having their name associated with copyright infringement of a pornographic motion picture.  This business model uses the threat of federal civil prosecution to solicit payment via pre-service of process dunning letters with the intent of compelling targeted Internet subscribers to pay Celestial under the guise of an ongoing lawsuit to avoid being personally identified in the lawsuit, historically without the intent of actually litigating the case

---

(S.D. Fla. July 24, 2012); *Bubble Gum Productions, LLC v. Does 1-80*, No.: 1:12-20367 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80); *Malibu Media v. John Does 1-10*, Case No. 2:12-cv-3623-ODW(PJW), [DE 7] (C.D. Cal. June 27, 2012) (same); *Millennium TGA, Inc. v. Comcast Cable Communications LLC*, Misc. Action No.: 12-mc-00150-RLW, Memorandum Opinion (D.C. June 25, 2012); *Malibu Media v. John Does 1-10*, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory); *Malibu Media, LLC, v. John Does 1-14*, Case 1:12-cv-4136-LLS, Order (S.D.N.Y. June 13, 2012) (dismissed complaint *sua sponte* as to all defendants but Doe 1); *Malibu Media, LLC v. John Does 1–23*, 2012 WL 1999640 (E.D. Va. May 30, 2012); *Digital Sin, Inc. v. John Does 1-245*, Case 1:11-cv-8170-CM, Order Severing John Does 2-245 (S.D.N.Y. May 15, 2012); *K-Beech v. Does 1-37*, Case 2:11-cv-03995-DRH-GRB, D.E. 619, Order and Report and Recommendation (S.D.N.Y. May 1, 2012); *Hard Drive Productions, Inc. v. Does 1-90*, Case 5:11-cv-03825-HRL, D.E. 18, Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90 (N.D. Cal. Mar. 30, 2012) (severing defendants and denying discovery); *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30*, No. 2:11cv345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa. Nov. 1, 2011) (severing defendants 2-30); *Hard Drive Prods., Inc. v. Does 1-188*, 2011 WL 3740473, at *7-9 (N.D. Cal. Aug. 23, 2011) (analyzing pre-BitTorrent P2P case law); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

in the event of non-payment.  Indeed, the vast majority of such lawsuits are resolved without

serving process on a single Doe defendant.

In *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, United States

District Judge Samuel Conti also stated that:

> If the Court were to grant Plaintiff's Application, Plaintiff would likely send
> settlement demands to the individuals whom the ISP identified as the IP
> subscriber. That individual—whether guilty of copyright infringement or not—
> would then have to decide whether to pay money to retain legal assistance to fight
> the claim that he or she illegally downloaded sexually explicit materials, or pay
> the money demanded. This creates great potential for a coercive and unjust
> settlement.

*SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620 at *8 (N.D. Cal.

Nov. 30, 2011) (citations omitted).

Through the mass-joinder of Internet subscribers to various ISPs in a single lawsuit the

copyright owner pays only one filing fee to the court system per action, despite the number of

defendant IP addresses targeted.  As one court noted:

> [T]hese mass copyright infringement cases have emerged as a strong tool for
> leveraging settlements—a tool whose efficacy is largely derived from the
> plaintiffs' success in avoiding the filing fees for multiple suits and gaining early
> access en masse to the identities of alleged infringers.

*Pacific Century Int'l, Ltd. V. Does 1-37*, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012).

In *Malibu Media, LLC v. John Does 1-28*, No.: 8:12-1667, Middle District of Florida

Judge James D. Whittemore stated that "[the provision] requir[ing] each party instituting a civil

action to pay a filing fee of $350 . . . generates much needed revenue to offset the administrative

cost of federal litigation but **provides a 'threshold barrier' against the filing of meritless**

**lawsuits."**  *Malibu Media, LLC v. John Does 1-28*, No.: 8:12-1667, The Honorable James D.

Whittemore, Order, at *12 (M.D. Fla. Dec. 6, 2012) (citations omitted) (emphasis added)

(severing the Doe Defendants and finding that requiring filing fees commensurate with the

impact of the docket imposes no greater harm on the plaintiff than that imposed on any other plaintiff in the federal courts).

The federal courts are being deprived of substantial revenue because of Plaintiffs keen ability to improperly evade mandated filing fees by **confusing** the third element of the so-called Sony standard, i.e., . . . 3) "the absence of alterative means to obtain the subpoenaed information," with a claim for entitlement to permissive joinder. Surely, an alternative means to obtain the sought after private subscriber information exists in individual causes of action against each Doe Defendant. *See Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp. 2d 556, 564-565 (S.D.N.Y. 2004).

In *Mick Haig Productions E.K. v. Does 1-670*, a recent Fifth Circuit Court of Appeals decision, the court exposed the litigation tactics employed by the plaintiff, a producer (in that case) of pornographic films that employed the business model as the Plaintiff is this case. The *Mick Haig Productions E.K.* court concluded that

> [Mick Haig's] strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into setting for thousands of dollars— **a tactic that he has employed all across the state and that has been replicated by other across the country.**

*Mick Haig Productions E.K. v. Does 1-670*, No. 11-10977, at 6 (5th Cir. July 12, 2012) (emphasis added) (citing *Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025, at *3 (E.D. Va. 2011) ("This course of conduct indicates that the plaintiffs have used the office of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them.  The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.  Whenever the suggestion of a ruling on the merits of the claims appears on the

horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.")

This Court should be further, "troubled by the fact that some Doe defendants have already been voluntarily dismissed at this early stage in the litigation; it suggests as suspected that the pressure on Doe defendants to settle their case quickly and thereby avoid embarrassment and litigation costs-when they may not even have committed any infringement-is all too real." *See Mick Haig Prods. E.K. v. John Does 1-670,* No. 3:10-CV1900-N, 2011 WL 5104095, at *5 n.7 (N.D. Tex. Sept. 9,2011) (quoting plaintiff's counsel as proudly reporting 'a 45 percent settlement rate' (internal quotation marks omitted)). *Id.* at 4.

> Therefore, in the interests of fundamental fairness and judicial economy, I have determined that permissive joinder, at least beyond the initial discovery on the ISPs, is not appropriate.  The Plaintiffs' tactic, if left unchecked, could turn copyright protection on its head.  Congress intended to incentivize the creation of useful arts by providing a statutory right and a means of enforcement that would reward authors for their labors, hardly the Plaintiffs' strategy here.  *See Raw Films, Inc. v. John Does 1-32,* No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 n.5 (N.D. Ga. Dec. 29, 2011) ("It is conceivable that the swarm joinder device could encourage the creation of works not for their sales or artistic value, but to generate litigation and settlements.")  . . .  In the BitTorrent pornography cases, settlements are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls. Severing the Doe defendants does not destroy the incentive to prosecute infringers who use peer-to-peer protocols; it merely restores the balance that Congress intended, not to mention that it ensures that courts receive the filing fees that Plaintiffs otherwise avoid.  . . .  The benefits of joinder in these cases cease once IPSs [sic] have been put on notice to preserve identifying information for particular IP addresses, and joinder thereafter serves, as far as I can tell, no legitimate or useful purpose.

*Media Products, Inc.*, No. 1:12-cv-3719, Opinion & Order at 4-5.

Plaintiff's business model is notorious.

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file

separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do in the old-fashioned way and earn it.

*Malibu Media v. John Does 1-10*, Case No. 2:12-cv-3623-ODW(PJW), [D.E. 7] (C.D. Cal. June 27, 2012).

### VIII.   Motion to Dismiss Action or Sever Defendants in Furtherance of Judicial Economy, Case Management, and Fundamental Fairness

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000); Fed. R. Civ. P. 21. "The Federal Rules, however, also recognize countervailing considerations to judicial economy." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d at 1324.  "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

Rule 21 grants the court authority to "sever any claim against a party."  Fed. R. Civ. P. 21.  The court has broad discretion when determining whether to sever the parties pursuant to Rule 21 and may consider facts such as judicial economy, case management, prejudice to the parties, and fundamental fairness.  *See Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967).  *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (court has broad discretion in deciding how to best manage the cases before them).

Celestial alleges that "[e]ach Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address . . . ."  (Compl. ¶ 9.)  On this point, the Honorable Southern District of Florida Judge Seitz finds:

> While the Court recognizes that the Doe Defendants have not yet asserted different defenses, the possibility of this occurring rises above the level of mere speculation. For example, due to the imprecise manner in which the

Plaintiff identifies alleged infringers, namely by IP addresses, Defendants can assert an unquantifiable number of different factual scenarios to establish that they did not download the copyrighted work (the 'it wasn't me defense').

*Sunlust Pictures, LLC v. Does 1-120*, No. 2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion, at *9 (S.D. Fla. July 24, 2012).

Permissive joinder of defendants would result in unruly case management and a want for fundamental fairness due to the numerous logistical burdens that will arise, as it is foreseeable that, "each defendant's defense would, in effect, require a mini-trial." *Liberty Media Holdings, LLC v. Does 1-38 et al.*, No. Civ. 1:11-cv-21567-KMM, Opinion and Order, at *5-6 (S.D. Fla. Nov. 1, 2011) (citing *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d, 1150, 1156 (N.D. Cal. 2011)). Further, "[t]he potential assertion of defenses unique to each of 120 Does would create an unmanageable case with respect to motion practice and trial." *Id.* at 8 (citing *Hard Drive Prods., Inc.*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)) (finding misjoinder in the interest of promoting judicial economy and trial convenience). The *Bait Productions Pty Ltd.* Court adopted the emerging majority rule of requiring plaintiffs to file suit against each infringer individually due to concerns of fairness and due process arising from "joinder of thousands of defendants with little in common." *Bait Productions Pty Ltd. v. John Does 1-26*, No. Civ. 2:12-cv-00628-Ftm-31DAB, Order, at *1 (M.D. Fla Feb. 19, 2013).

The number of Does joined in this case makes it likely that various motions will be filed by Doe Defendants which involve different procedural defenses and defenses on the merits. **"The likelihood of multiple unrelated motions and defenses leads to a conclusion that there are few, if any, litigation or judicial economies to be gained by joining these claims,**

notwithstanding the allegations that the Doe Defendants participated in the same swarms."

*Malibu Media, LLC v. John Does 1-28*, No. 8:12-1667, The Honorable James D. Whittemore, Order, at *11 (M.D. Fla. Dec. 6, 2012) (emphasis added) (severing the Doe Defendants due to concerns of fairness, prejudice, expedience, cost, practicality, and case management).

## IX.    Conclusion

Defendant, Doe 230, prays for an order against Plaintiff, Celestial, Inc., that:

1. dismisses this action due to Plaintiff's failure to sufficiently plead for personal jurisdiction;

2. dismisses Doe 230 due to this Court's lack of personal jurisdiction over this out-of-state defendant;

3. vacates the Order Granting Plaintiff's Motion For Leave To Take Discovery Prior To The Pre-Rule 26(f) Conference, and therewith quashes the Subpoena issued thereunder by operation of law, and dismisses this action;

4. severs the defendants or dismisses this action for insufficient allegations of common conduct arising out of the same alleged transaction, occurrence, or series of transactions or occurrences to warrant joinder under Rule 20;

5. severs the defendants or dismisses this action to avoid prejudice to the parties arising from suspect settlement tactics;

6. dismisses this action or sever the defendants in furtherance of judicial economy, case management, and fundamental fairness;

7. awards Doe 230 reasonable attorney's fees and costs incurred in defense of this action; and

8. grants such other relief this Honorable Court deems equitable and just under the circumstances.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By: /s/ Stephanie J. Cunningham
    Stephanie J. Cunningham, Esquire
    Fla. Bar No:  71389
    1100 E Park Ave Ste B
    Tallahassee, Florida 32301
    Tel:  (850) 219-8888
    Fax: (866) 829-8174
    E-Mail:  sjcunningham@wohlsifer.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that counsel for the movant has attempted to confer with plaintiff's counsel in a good faith effort to resolve the issues raised in these motions, but and has been unable to do so.

By: /s/ Stephanie J. Cunningham
    Stephanie J. Cunningham, Esquire
    Fla. Bar No:  71389

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of May 6, 2013.

I also certify that on May 6, 2013, a copy of the foregoing was served on the following entity via facsimile to Comcast, c/o NE&TO, 650 Centerton Road, Moorestown, NJ 08057 (Fax #: 866-947-5587).

By: /s/ Stephanie J. Cunningham
    Stephanie J. Cunningham, Esquire
    Fla. Bar No:  71389