IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CELESTIAL, INC, a
foreign corporation,

                                      Case No. 5:12-cv- 00375-RS-CJK

      Plaintiff,
v.

JOHN DOES 173-377,

      Defendants.
_____/

**MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

John Doe 199 (IP Address 67.175.164.162), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 20, 26, and 45 moves to dismiss/sever for improper joinder and/or to quash the third-party subpoena or for a protective order.

**INTRODUCTION**

1) Plaintiff alleges that Defendant John Doe 199, along with over 200 other unrelated Doe defendants, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 199 and the various other Doe defendants. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party internet service provider ("ISP") disclose identifying personal information of John Doe 199, as well as the other Defendants. (*See* **Exhibit A**). As explained below, the Court should sever and dismiss the Defendants for improper joinder. Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2) Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take

advantage of the threat of statutory damages and the stigma associated with downloading pornographic movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3) Plaintiff's attempts to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4) This is not the first time that the Plaintiff here has attempted to proceed in this manner. In fact, Plaintiff attempted to carry out two identical suits regarding other pornographic films in the Middle District of Florida. *See e.g.*, *Celestial, Inc. v. Does 1-378*, Order, Case No. 2:12-cv-83-FtM-99DNF, D.E. 82 (M.D. Fla. July 19, 2012) (attached as **Exhibit B**); *Celestial, Inc. v. Does 1-378*, *Notice of Voluntary Dismissal of Entire Case Without Prejudice*, Case No. 2:12-cv-83-FtM-99DNF, D.E. 144 (M.D. Fla. December 22, 2012) (attached as **Exhibit C**); *Celestial v. Does 1-252*, Order Dismissing Without Prejudice, Case No. 2:12-cv-82-UA-DNF, D.E. 125-1 (M.D. Fla. Dec. 31, 2012) (attached as **Exhibit D**). After the Middle District's repeated rejection of its attempts, Celestial dropped both of these prior suits. Plaintiff should not be allowed to blatantly forum shop by now filing an identical action – suffering from the same fatal procedural defects – in this district.

5) A review of the case law reveals that the various similar plaintiffs filing identical lawsuits against thousands of defendants across the country have received many negative rulings, all within the past few years. Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent. It should not.

6) Accordingly, Plaintiff is not entitled to the relief sought for the following reasons:

2

      a.      **FIRST**, the joinder of over 200 Defendants in this action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

      b.      **SECOND**, this court does not have personal jurisdiction over John Doe 199.

      c.      **THIRD**, Plaintiff's effort to identify potential infringers through an IP address creates an undue burden and expense. The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that seeks private information solely for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

6)    John Doe 199 requests that the Court sever the Defendants and dismiss the suit against John Doe 199. Furthermore, John Doe 199 requests that the Court issue a protective order and/or quash the Subpoena.

## ARGUMENT

**I.    Plaintiff's Joinder of Over 200 Unrelated Defendants in this Action is Improper**

In its Complaint, Plaintiff improperly joined as Defendants 204 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In many of those cases, and in most of the recent decisions touching this topic, the pertinent courts determined that joinder was improper and severed and dismissed all but the first

defendant.[1]  It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach.  A favorable ruling to the Plaintiff will almost certainly result in an additional avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Where misjoinder occurs, the court may, on just terms, add or drop a party so long

---

[1] *See, e.g.*:
- *Malibu Media, LLC v. Does 1-14*, 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but one Doe defendant);
- *Malibu Media v. John Does 1-10*, Case No. 2:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012) (same), attached as **Exhibit E**;
- *Malibu Media v. John Does 1-10*, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory), attached as **Exhibit F**;
- *Malibu Media, LLC v. John Does 1–23,* ––– F.Supp.2d –––, 2012 WL 1999640 (E.D.Va. May 30, 2012);
- *Third Degree Films v. Does 1-47*, Case 12-1061-WGY, 2012 WL 4498911 (D. Mass. Oct. 2, 2012) (severing defendants and holding that the recent avalanche of "copyright trolling" cases represent "a developing pattern of extortionate settlement demands, and the evasion of thousands of dollars of filing fees");
- *West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.*, D.E. 15, *Ruling*, Case 6:12-cv-01713 at *3 (WD La. Aug. 17, 2012) (severing all Does other than Doe 17 and quashing all subpoenas to ISPs), attached hereto as **Exhibit G**;
- *Bubble Gum Productions, LLC v. Does 1-80*, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80);
- *In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *9* (E.D.N.Y May 1, 2012) (severing John Does);
- *Hard Drive Productions, Inc. v. Does 1-90,* 2012 WL 1094653 (N.D. Cal. March 30, 2012) (severing defendants and denying discovery);
- *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*)
- *AF Holdings, LLC v. Does* 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); and
- *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97).

as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants. As one court concluded recently in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *11 ("'interactions' between defendants, is a page of machine instructions which clearly demonstrate that the user plays no role in these interactions"); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011)("[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."); On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort. This representation is misleading. While Plaintiff alleges that Defendants were part of the same

swarm, Plaintiff does not specifically allege that the Defendants shared pieces of the file with each other. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant). This omission is highlighted by the fact that Defendants' alleged downloads occurred over a span of over two months. D.E. 1-1 (Exh. A to the Complaint); *see Raw Films, Ltd. v. Does 1–32*, 2011 WL 6840590, at *2 (N.D.Ga. Dec. 29, 2011) (stating that the "differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert"). This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.

### b. Joinder Undermines Judicial Economy

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."); *accord In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *12 ("The individualized determinations required far outweigh the common questions

in terms of discovery, evidence, and effort required. Thus, swarm joinder complicates these actions, resulting in waste of judicial resources.").

Allowing joinder in this case would involve hundreds of defendants, each potentially proceeding with counsel or pro se, and an ISP that may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

## II. The Court Lacks Personal Jurisdiction Over John Doe 199

As the Middle District of Florida recently held in a series of identical cases, including several involving Celestial, the Subpoena here should be quashed because this Court lacks jurisdiction over John Doe 199. *See NuImage, Inc. v. Does 1-3,932*, Case No. 2:11-cv-545-FtM-29SPC, D.E. 244 at *6 (M.D. Fla. May 23, 2012) ("The participation in a BitTorrent swarm does not provide the necessary minimum contact with the State of Florida."), attached hereto as **Exhibit H**; *see also Exh. B, C. D.* This issue is dispositive here, where there are no credible allegations of any link to the Northern District of Florida because all actions at issue, along with the Plaintiff and Defendants themselves, are located out of state.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d. 1260, 1274 (11th Cir. 2009). Plaintiff bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Id.* Plaintiff fails to allege sufficient facts under either the Florida Long Arm Statute or the Constitutional test.

Plaintiff has not alleged adequate jurisdictional facts under either Fla. Stat. 48.183(1) or Fla. Stat. 48.193(2). Plaintiff appears to be traveling under theory that the Defendants caused economic injury to Plaintiff in the state arising from an act or omission outside the state. Consequently, Plaintiff has failed to adequately allege a basis for jurisdiction under the Florida Long Arm Statute because economic injury, without more, is insufficient for purposes of personal jurisdiction. *See, e.g., Sculptchair, Inc. v. Centruy Arts, Ltd.*, 94 F.3d 623, 629 (11th Cir. 1996). Additionally, while copyright infringement could be a basis for jurisdiction as a tortious act committed in Florida, such application is not warranted here because ***Plaintiff does not reside in Florida and therefore cannot have experienced injury in this state***. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. Oct. 2008).

Plaintiff has also failed to allege facts sufficient for Fla. Stat. 48.193(2), the reach of which provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment. This requires that a defendant's contacts with Florida be "continuous and systematic." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). As a threshold matter, Plaintiff does not reside in Florida and therefore could not have experienced injury in this state as a result of any Defendants out of state actions.

Furthermore, as enumerated in John Doe 199's Declaration, attached hereto as **Exhibit I**,[2] ***John Doe 199 has no contacts with Florida***, has never lived in Florida, has never conducted business in Florida, and has never engaged in any activity directed or calculated to harm any residents or businesses in Florida. (*See* Exh. I). Plaintiff relies solely on the proposition that John Doe 199 could have "shared" or downloaded the file from someone residing in Florida and

---

[2] An unsworn declaration is appropriate evidence in this context. 28 U.S.C. § 1746; *Thomas v. U.S. Dept. of Energy*, 719 F.2d 342, 344 n.3 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits."); *Rader v. U.S.*, No. 08-cv-02639-REBKMT, 2009 WL 3068097, at *4 (D. Colo. June 1, 2009) ("[U]nder 28 U.S.C. §1746(2), if a document must be signed under oath and was not, the individual can alternatively submit a signed and dated, unsworn declaration in which the individual declares under penalty of perjury that the document is true and correct.").

therefore the alleged unlawful distribution occurred in Florida (and every jurisdiction in the United States for that matter). Acceptance of this position would "vitiate long-held and inviolate principles of federal court jurisdiction." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000). Thus, Plaintiff's allegations do not satisfy the Constitutional test.

As the District Court for the Middle District of Florida recently held in identical circumstances, and following the submission of an identical declaration:

> [T]hese allegations in the Complaint are insufficient to allege personal jurisdiction over John Doe #1 or any defendant under the Florida long-arm statute and the Due Process Clause. The allegations do not state that John Doe #1 or any defendant purposefully directed his activities at Florida or in Florida, or that he knew his activities would cause harm in the State of Florida, or that he is actually located in the State of Florida. The copyrighted material was allegedly distributed and offered for distributed all over, but no specific ties to the State of Florida are set forth such that defendant would reasonably foresee being hauled into its jurisdiction.

Exh. H at *5-6. As a result, this Court should hold, as the *NuImage* Court concluded, "[t]he vague and conclusory allegations related to the internet are insufficient to satisfy a prima facie case for personal jurisdiction." *Id*; *accord* Exh. B, C. D.

### III.    The Court Must Issue a Protective Order and/or Quash the Subpoena

#### a. The Court Has the Authority to Control Discovery

As a threshold matter, the Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. *Farnsworth*, 758 F.2d at 1548.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be

tried before the Court. *See, e.g., Straily v. UBS Financial Servs., Inc.,* 2008 WL 5378148 (D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe,* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In Best Western, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's " 'discovery rights [in other districts] can rise no higher than their level in the district of trial.' " Id. (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id*. The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants.

### b.  The Subpoena Must Be Quashed

As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (E.D.N.Y) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call."). "[A]lthough the complaints state that IP addresses are assigned to 'devices' and thus by discovering the individual associated with that IP address will reveal 'defendants' true identity,' this is unlikely to be the case. Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the

alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." Id. at * 8. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena.

Indeed, a plaintiff's inaccurate portrayal of the facts required to identify infingers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'
>
> As a result,
>
> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly create an undue burden by allowing Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could

never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics.  *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

Courts addressing these mass copyright infringement cases have also expressed concern about abusive settlement tactics.  In re *BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 ("The most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigation tactics to extract settlements from John Doe defendants."); *Pac. Century Int'l, Ltd. v. Doe*, 2011, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'").  The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'"  *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

## CONCLUSION

Defendant John Doe 199 requests that the Court sever and dismiss all Defendants. Defendant John Doe 199 further requests that the Court issue a protective order and/or quash the Subpoena and grant any further relief that it deems appropriate.

        Respectfully submitted,

        LALCHANDANI SIMON PL

        By: /s/ Daniel J. Simon
        Danny Simon
        Florida Bar No.: 0016244
        danny@lslawpl.com
        25 SE 2nd Ave, Suite 1020
        Miami, Florida 33131
        Tel:   (305) 999-5291
        Fax:   (305) 671-9282
        *Attorneys for John Doe 199*

## CERTIFICATE OF COMPLIANE WITH LOCAL RULE 7.1(B)

I hereby certify that the undersigned counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and / or that the undersigned counsel has attempted to so confer but was unsuccessful.

        By: /s/ Daniel J. Simon
        Daniel J. Simon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of May 7, 2013.

        By: /s/ Daniel J. Simon
        Danny Simon, Esq.